DAVID M. BLACKWELL, CLERK OF SUPERIOR COURT OF ROCKINGHAM COUNTY, AND ROCKINGHAM COUNTY, A BODY POLITIC AND CORPORATE V. BERT M. MONTAGUE, DIRECTOR, ADMINISTRATIVE OFFICE OF THE COURTS, JUSTICE BUILDING, RALEIGH, NORTH CAROLINA

No. 7217SC192

(Filed 2 August 1972)

**Criminal Law § 145— costs — facilities fee — cases pending at establishment of district court**

In criminal cases which were pending at the time the district court was established in the county and in which costs were assessed after the establishment of the district court, the "facilities fee" assessed as part of the costs must be remitted to the State for the support of the General Court of Justice. G.S. 7A-304(a)(2); G.S. 7A-318(c).

APPEAL by plaintiffs from *Crissman, Judge,* 8 November 1971 Session of Superior Court held in ROCKINGHAM County.

*McMichael, Griffin & Post, by Hugh P. Griffin, Jr., for plaintiffs.*

*Attorney General Morgan, by Associate Attorney Kane, for defendant.*

BROCK, Judge.

This is an action for declaratory judgment to determine the rights of the parties with respect to the distribution of certain funds in possession of the Clerk of Superior Court of Rockingham County. The funds in controversy represent a portion of the costs in criminal cases pending in Rockingham County at the time the district court was established there, and which costs were finally assessed after the establishment of the district court. The particular portion of the costs so assessed which is in controversy is that portion assessed under G.S. 7A-304(a)(2) as a "facilities fee." Each of the cases involved is a criminal case which was pending on 7 December 1970 (the date the district court was established in Rockingham County, G.S. 7A-131(3)), and which was disposed of and costs assessed after 7 December 1970.

It is clear that costs shall be disbursed according to prior law in cases in which they have been finally assessed according to prior law and before the district court was establihed. G.S. 7A-318(d) and G.S. 7A-318(e).

It is equally clear that in cases which were instituted after the establishment of the district court the costs, including a "facilities fee," shall be assessed according to G.S. Chapter 7A, Article 27, 7A-300 through 7A-317.1. The "facilities fee" assessed in this classification of cases shall be disbursed monthly by the Clerk of Superior Court (G.S. 7A-108, formerly G.S. 7A-103) to the county or municipality providing the "facilities." (G.S. 7A- 302 and G.S. 7A-304(a)(2)).

For the period of transition from the old systems to the district court system in each judicial district, it was necessary for the legislature to determine to whom the "facilities fee" should be disbursed in cases which were pending at the time of the establishment of the district court. This was done by the legislature in G.S. 7A-318. This section clearly provides that in cases pending at the time of the establishment of the district court, in which costs had not been finally assessed according to prior law, the costs shall be assessed as provided in G.S. Chapter 7A, Article 27. This same section also clearly provides that the General Court of Justice fee and the "facilities fee" assessed in this class of pending cases *shall be remitted to the State for the support of the General Court of Justice.* G.S. 7A-318(c). The requirement of the statute is unambiguous and requires no interpretation.

Judge Crissman ordered that the funds in question be remitted to the State for the Support of the General Court of Justice. This disposition is in accord with the legislative mandate.

We note, however, that Judge Crissman's order provides: ". . . [A]fter credit is given for fees, costs and commissions, if any . . . ." This obviously is a reference to the credit to be given parties who have paid fees, costs and commissions to the Clerk under the schedule of costs in force before the statewide uniform schedule of costs became effective. Even so, his provision is incomplete and may create some misunderstanding. Also the credit to the parties is clearly provided for by Statute and should have already been given. G.S. 7A-318(a). Therefore, the words "after credit is given for fees, costs and commissions, if any" should be treated as surplusage and stricken from the judgment, and it is so ordered.

Modified and affirmed.

Judges MORRIS and HEDRICK concur.